UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY MARINE BOATWORKS, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>S/Y PURSUIT, et al., <br><br>　　　　　Defendants. | Case No. 20-cv-05399-JSC <br><br>**ORDER RE ISSUANCE OF ARREST WARRANT AND APPOINTMENT OF SUBSTITUTE CUSTODIAN** |

Plaintiff Bay Marine Boatworks, Inc. dba Svendsen's Bay Marine ("Svendsen's" or "Plaintiff") brings an admiralty action to enforce Plaintiff's maritime lien over the defendant vessel S/Y PURSUIT ("Vessel"), recover payments from Defendant Christopher Wollen ("Defendant") for breach of contract, and for violations of California Business & Professions Code § 17200.  (*See* Dkt. No. 1.)  Now before the Court are Plaintiff's *ex parte* applications requesting issuance of a warrant for the arrest of the Vessel, (Dkt. No. 1-1), and appointment of a substitute custodian, (Dkt. No. 3).  For the reasons below, the Court GRANTS Plaintiff's applications for the issuance of a warrant for the arrest of the Vessel and for the appointment of a substitute custodian.

**BACKGROUND**

Plaintiff is duly organized under the laws of the State of California with an address at 310 W. Cutting Blvd., Richmond, CA, 94804, where Plaintiff owns and operates a shipyard that designs, overhauls, and sells vessels, as well as provides maintenance services as any vessel owner may request. (Dkt. No. 1 at 2 ¶ 3.)  The Vessel is an 82' wooden racing sloop built in 1929 named "PURSUIT", an M-class boat, and lies blocked at Plaintiff's shipyard.  (*Id.* at ¶ 4.)  Defendant is the Vessel's owner.  (*Id.* at ¶ 5.)  On or around May 15, 2019, the Vessel arrived at Plaintiff's shipyard, where, pursuant to a work authorization agreement signed by an owner or agent of the Vessel, Plaintiff provided various maintenance and work services for the Vessel.  (*Id.* at 3 ¶ 7.)

Plaintiff issues invoices to Defendant regarding the cost of these maintenance services; as of March 2020, the invoice totaled $109,840.82, and Plaintiff alleges the invoice amount remains unpaid, due and owning. (*Id.*) Plaintiff has a maritime lien against the Vessel for the amounts due and owing, plus additional charges including docking fees and litigation costs. (*Id.* at ¶ 8.) The contract ("Contract") signed between Plainitff and the Vessel's owners and agents provides that Plaintiff shall have liens on the Vessel in order to secure payment for work performed on the Vessel. (*Id.* at ¶ 9 (quoting and citing Dkt. No. 2-1 at 7).) Under the terms of the Contract, Plaintiff brings this action *in rem* against the Vessel to enforce its lien, and seeks the Vessel's arrest to satisfy Plaintiff's lien and discharge the debt owed to it. (Dkt. No. 1 at 3 ¶ 10.)

## I. Issuance of Arrest Warrant

Upon a party's request for issuance of a warrant for the arrest of a vessel, a court "must review the complaint and any supporting papers. If the conditions for an *in rem* action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel." Fed. R. Civ. P. Supp. C(3)(a)(i). "An action in rem may be brought: (a) to enforce any maritime lien; (b) whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto." Fed. R. Civ. P. Supp. C(1); *see also* 46 U.S.C. § 31342 (providing that "[a] person providing necessaries to a vessel (except a public vessel)" who has a maritime lien on such vessel "may bring a civil action *in rem* to enforce the lien"). The complaint in an *in rem* action must: "(a) be verified; (b) describe with reasonable particularity the property that is the subject of the action; and state the property is within the district or will be within the district while the action is pending." Fed. R. Civ. P. Supp. C(2)(c).

Here, the conditions for issuance of a warrant under Supplemental Rule C exist. The complaint is verified, and adequately alleges an *in rem* action to enforce a maritime lien. (*See* Dkt. No. 1 at 1.) Plaintiff asserts that it has a maritime lien on the Vessel under its Contract's provisions. (*Id.* at 3 ¶¶ 9-10.) The complaint additionally describes the Vessel with reasonable particularity, and states that the Vessel is within the jurisdiction of this District during the action's pendency. (*Id.* at 2 ¶¶ 2-4; *see also* Dkt. No. 3 at 2 ¶ 3.)

Accordingly, the Court GRANTS Plaintiff's request for an issuance of an arrest warrant for the Vessel, pursuant to Supplemental Rule C of the Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

## II. Request for Substitute Custodian

Plaintiff requests that it be appointed substitute custodian for the Vessel. (*See* Dkt. No. 3.) Under Admiralty and Maritime Local Rule 9-1(a), when a vessel is brought into the marshal's custody by an arrest, the marshal "shall arrange for adequate safekeeping, which may include placing of keepers on or near the vessel," and that "[a] substitute custodian in place of the marshal may be appointed by order of the court." Plaintiff asserts that it has the has the "requisite skill, competence, experience and experienced servants under its immediate supervision, to properly perform the safekeeping of the Defendant Vessel as Substitute Custodian," and has liability insurance coverage. (Dkt. No. 3 at 2 ¶¶ 4, 8.) Simply put, given that the Vessel is currently docked at Bay Marine Boatworks, appointing it as a substitute custodian makes sense. Accordingly, this Court GRANTS Plaintiff's request to be appointed as the substitute custodian.

This Court additionally ORDERS that, pursuant to Admiralty Local Rule 4-8 and Fed. R. Civ. P. Supp. E(4)(f), an adversary hearing for any person claiming an interest in the property arrested pursuant to this Order will be conducted before this Court by video on Thursday, August 13, 2020 at 10:00 a.m., at which Plaintiff shall be required to show why the arrest should not be vacated or other relief granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's applications for the issuance of an arrest warrant for the Vessel and the appointment of a substitute custodian. Pursuant to Admiralty Local Rule 4-8, a hearing will be conducted before this court on August 13, 2020, at which time Plaintiff shall be required to show why the arrest should not be vacated or other relief granted.

3

**IT IS SO ORDERED.**

Dated: August 7, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge